IN THE SUPREME COURT OF TEXAS












IN THE SUPREME COURT OF TEXAS

 

════════════

No. 07-0698

════════════

 

In the Interest of M.N., a
child

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Eleventh District of Texas

════════════════════════════════════════════════════

 

 

            Justice Willett,
dissenting.

 

            For better or for worse, the
Legislature in Family Code section 263.405(b) set a firm fifteen-day deadline
for filing a statement of points for appeal. Reasonable people can dispute the
efficacy of this hard-and-fast deadline, but few can dispute its clarity.

            I fully understand the Court’s
desire for leniency in enlarging the fifteen-day deadline beyond the statute’s
terms. Appealing the termination of one’s parental rights is serious business,
and having such rights vanish because of a counsel’s (or pro se litigant’s) mis-calendaring is
nigh unfathomable. On the other hand, every day of childhood is irreplaceable,
and society benefits when children are placed in safe, secure and loving homes
as quickly as possible.

            The Legislature wanted these cases
to proceed with alacrity, reducing post-judgment delay by barring appellate
consideration of tardy points. I would take lawmakers at their word: fifteen
days means fifteen days. Squeezing out delay, however, does not permit
squeezing out due process. It is one task to honor a fast-tracking statute’s
unambiguous text and refuse to judicially rewrite it under the guise of
construction. It is quite another to examine whether that text, however plain,
unconstitutionally restricts due process or other guarantees. Terminating
parental rights cannot warrant terminating constitutional rights.

            I would (1) hold that court-made
rules of procedure do not trump the Family Code’s fifteen-day deadline and
then, assuming preservation, (2) confront head-on whether this statutory
deadline violates Durham’s
due-process rights or any other constitutional provision.[1]
Because the Court does neither, I respectfully dissent.

 

                                                                                    _______________________________________

                                                                                    Don
R. Willett

                                                                                    Justice

 

 

OPINION DELIVERED: August
29, 2008














[1] The Court today has granted a petition for
review that challenges the fifteen-day deadline on constitutional grounds. In re J.O.A., 51 Tex.
Sup. Ct. J. ___ (Aug. 29, 2008). In that case, where preservation of the
constitutional issues is clear, each parent’s trial counsel withdrew from the
case after the trial court entered judgment. They never filed a statement of points
before withdrawing, and appellate counsel was not appointed until after the
fifteen-day deadline had passed.